IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN A.G., | : |
| | : |
| **Plaintiff,** | : |
| | : Case No. 2:22-cv-02105 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| COMMISSIONER OF | : Magistrate Judge Kimberly A. Jolson |
| SOCIAL SECURITY, | : |
| | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter is before this Court on Plaintiff John A.G.'s Objection (ECF No. 13) to the Magistrate Judge's Report and Recommendation (ECF No. 12), which recommended that this Court overrule Plaintiff's Statement of Specific Errors (ECF No. 10) and affirm the Commissioner of Social Security's decision to deny John A.G.'s application for disability benefits. Upon independent review and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's determination. Plaintiff's Objection is **OVERRULED**.

### I. BACKGROUND

Plaintiff John A.G.[1] filed a Title XVI application for Supplemental Security Income ("SSI") on September 3, 2019. (R. at 317–25, ECF No. 9-5; R. at 361, ECF No. 9-6). He has been found to have several severe impairments, including: "degenerative disc disease; depression; anxiety; learning disorder; polyneuropathy; and obesity." (R. at 25, ECF No. 9-2). His SSI application was denied initially and on reconsideration. (*Id.* at 145–77). Administrative Law

---

[1] Pursuant to this Court's General Order 22-01, plaintiffs in Social Security cases are referred to only by their first names and last initials.

Judge ("ALJ") Deborah E. Ellis held a telephone hearing on January 21, 2021. (*Id.*). She then issued a written decision denying Plaintiff's application for benefits on March 24, 2021. (*Id.* at 20–40). Plaintiff filed a request for review of the decision. When the Appeals Council denied review, that denial became the final decision of the Commissioner. (*Id.* at 5–13).

Plaintiff filed suit in this Court on May 4, 2022, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). He filed his Statement of Specific Errors on September 1, 2022, in which he requested that this Court enter judgment in his favor, or, in the alternative, reverse ALJ Ellis's determination and remand his claim to the Commissioner for a new decision. On December 5, 2022, the Magistrate Judge issued a Report and Recommendation, in which she recommended that this Court affirm the Commissioner's decision and overrule Plaintiff's Statement of Specific Errors. The Magistrate Judge recommended finding that the ALJ did not fail to evaluate properly the state agency psychologists' opinions, which is Plaintiff's sole ground for remand or reversal. (*See* R. & R. at 9–10, ECF No. 12). Plaintiff filed a timely objection. This matter is now ripe for review.

## II. STANDARD OF REVIEW

If a party objects within 14 days to the Magistrate Judge's proposed findings and recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." FED. R. CIV. P. 72(b). If a party fails to object timely to the magistrate judge's recommendation, that party waives the right to *de novo* review by the district court of the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party's objection must be

specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). If a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report, [which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the decisions of the Commissioner of Social Security, federal courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence constitutes such relevant evidence, looking to the record as a whole, as a reasonable mind might accept as adequate to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). The findings of the Commissioner are not subject to reversal "merely because there exists in the record substantial evidence to support a different conclusion," *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001), or if the Court itself would have arrived at a different conclusion; rather, it must be affirmed as long as the Commissioner's decision is supported by substantial evidence. *See Elkins v. Sec'y of Health & Hum. Servs.*, 658 F.2d 437, 439 (6th Cir. 1981). Additionally, "an ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks and citation omitted).

### III. LAW & ANALYSIS

In denying Plaintiff's application for disability benefits, ALJ Ellis was required to conduct a residual functional capacity ("RFC") assessment. An RFC assessment evaluates the extent to

which an individual's impairments affect or restrict her capacity to do work-related physical and/or mental activities—*i.e.*, it assesses "the most [someone] can do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). ALJ Ellis found that Plaintiff's impairments did not prevent him from performing light exertional, unskilled jobs that exist in significant numbers in the economy, and therefore concluded that he did not have a disability as defined by the Social Security Act. (R. at 34, ECF No. 9-2). In arriving at this conclusion, ALJ Ellis considered the medical opinions provided by two state agency psychologists, who both agreed that Plaintiff had limited capacity to engage in social interactions and could not perform work that required interaction beyond a superficial level. (R. at 32, ECF No. 9-2). She found that the opinions were:

> [G]enerally supported by the medical available to the [Disability Determination Services] at the time the determinations were made and are somewhat persuasive. However, the longitudinal record now available to me better supports the residual functional capacity. . . . Additionally, given the claimant's normal behavior and normal mental status examinations throughout the recent record, the undersigned does not find that the claimant is limited to only superficial social interaction as the DDS psychological consultants did.

(*Id.*). Accordingly, she concluded that Plaintiff could perform a wider range of jobs than the state agency psychologists had opined.

Plaintiff takes issue with ALJ Ellis's decision and, more specifically, with her explanation of her decision. As explained by the Magistrate Judge, "Plaintiff 'is not arguing that the ALJ had to include the limitation to superficial interaction[,]' only that '[t]he ALJ failed to adequately explain why she was omitting a specific limitation opined by the Agency's own expert.'" (R. & R. at 6, ECF No. 12) (quoting Statement of Specific Errors at 9, ECF No. 10). The Magistrate Judge rejected this contention, on the grounds that the ALJ adequately explained why she set aside the state agency psychologists' opinion and pointed to evidence in the record that "Plaintiff maintained relationships with family and friends and did not consistently report symptoms in this area, such as irritability or social anxiety." (*Id.* at 7) (citing R. at 32, ECF No. 9-2). The Magistrate

4

Judge further noted that ALJs "are under no obligation to adopt the state agency psychologists' opinions in their entirety." (*Id.*) (citations omitted). Thus, the Magistrate Judge concluded, ALJ Ellis's decision was supported by substantial evidence.[2]

In Plaintiff's Objection, he now explains that his issue with the ALJ's explanation is not that it failed to point to evidence in the record supporting the ultimate decision, but that it is internally inconsistent. *See also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545–46 (6th Cir. 2004) (detailing ALJs' obligation to explain their decisions). He suggests that the following two propositions in the ALJ's explanation are at odds with one another: *first*, that the ALJ found the state agency psychologists' opinions were supported by the evidence, both positive and negative, available to them; and *second*, that she would have adopted the opinions but for later-submitted evidence undermining the opinions. (*See* Obj. at 2, ECF No. 13). The two are inconsistent, according to Plaintiff, because the later-submitted evidence simply corroborated evidence that the state agency psychologists already considered. (*Id.* at 3–4). Instead, for her explanation to be sound, ALJ Ellis was required to point to later-submitted evidence that differed materially in substance from the evidence in the record at the time of the psychologist opinions; failure to do so warrants remand—or so Plaintiff's theory goes. (*See id.* at 4–5, 6–7).

Before addressing the core of Plaintiff's contentions, this Court briefly reviews the applicable law and regulations. The Social Security Administration ("SSA") has promulgated regulations dictating how evidence is categorized, considered, and articulated for RFC

---

[2] More specifically, the Magistrate Judge disagreed with Plaintiff's argument—that ALJ Ellis "failed to cite to a single piece of evidence" supporting her omission of the specific limitations opined by the state agency psychologists—because ALJ Ellis: (1) cited evidence showing that the Plaintiff maintained relationships with family and friends and did not consistently report symptoms such as irritability or social anxiety during both step two and four of the RFC assessment; (2) explained that subsequent records of Plaintiff's normal behavior and mental status examinations demonstrated a capacity for social interaction beyond the superficial level; and (3) therefore found the state agency psychologists' opinions to be inconsistent with other medical evidence in the record as a whole. (R. & R. at 7–8, ECF No. 12).

assessments. *See* 20 C.F.R. §§ 416.913, .920b, .920c. An RFC assessment is based on all the relevant evidence in the claimant's case file. The governing regulations designate five different categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical findings. *Id.* § 416.913(a). Two of the five categories, medical opinions and prior administrative medical fillings, do not require the ALJ to "defer or give any specific evidentiary weight." *Id.* § 416.920c(a). Instead, when weighing the evidence, an ALJ must consider: (1) the supportability of the opinion; (2) its consistency with other medical evidence; (3) the opinion provider's relationship with the plaintiff; (4) if the opinion is given by a specialist; and (5) other factors.[3] *Id.* § 416.920c(c). Since supportability and consistency are the most important of the five factors, the ALJ must explain how they were considered; neither evaluation nor discussion of the other factors is required. *Id.* § 416.920c(b)(2). Ultimately, the final decision on how to weigh the evidence is within the discretion of the ALJ (as long as it is supported by substantial evidence): she need not give the psychologist's opinion "controlling weight," "nor is [she] required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F, App'x 267, 273, 275 (6th Cir. 2015).

A careful read of the ALJ's decision and her explanation for the weight she gave to the state agency psychologists' opinions reveals that Plaintiff's contentions rest on a shaky foundation. While Plaintiff suggests that the ALJ indicated that she found the opinions "supported by the record evidence they had access to," the ALJ in fact wrote that the opinions "were *generally* supported by the medical evidence available . . . at the time." (Obj. at 4, ECF No. 13; R. at 32, ECF No. 9-2) (emphasis added). Thus, even without the benefit of later-submitted evidence, the

---

[3] *See, e.g.*, 20 C.F.R. § 416.913(a)(5) ("[E]vidence showing a medical source has familiarity with the other evidence in the claim or an understanding of disability programs policies and evidentiary requirements.").

opinions were considered only "somewhat persuasive." (R. at 32, ECF No. 9-2). This Court therefore does not read the ALJ's decision as indicating that she would have adopted the state agency psychologists' opinions (and the limitations described therein) but for later-submitted evidence, as Plaintiff suggests. *See also Reeves*, 618 F. App'x at 275. And so, her burden of explaining her decision did not include an obligation to identify later-submitted evidence with materially new information undermining the opinions, as long as she otherwise adequately explained why she did not give controlling weight to the opinions and identified record evidence supporting her explanation—which she did. (*See also* R. & R. at 6–7, ECF No. 12).

For the sake of completeness, this Court also explains why Plaintiff's assertions are unavailing even if ALJ Ellis had indicated that the sole reason she rejected the psychologists' opinions was the existence of later-submitted evidence. In her decision, she cites to the "longitudinal record" available to her (but not to the psychologists) in support of her ultimate conclusion. (R. at 32, ECF No. 9-2). The state agency psychologists submitted their opinions on September 24, 2019, and December 6, 2019. The ALJ had the benefit of considering the following evidence submitted after December 6, 2019: on February 26, 2020, Plaintiff denied experiencing any neurological or psychiatric symptoms while at a doctor's appointment; on July 6, 2020, he was described as alert with an appropriate mood and affect; and on October 5, 2020, he was described as "alert and oriented to person, place, and time," and had a normal mood and affect. (R. at 1089, 1180, 1273, ECF No. 9-8). Plaintiff suggests that these records simply corroborate previous evidence in the medical record that was available to and considered by the state agency psychologists. (*See* Obj. at 4, ECF No. 13). But that misses the point: the ALJ was looking not at individual documents in the abstract, but at the "longitudinal record" that the psychologists had not considered—*i.e.*, the overarching arc of Plaintiff's medical records that demonstrated that his

7

social interaction limitation was not unduly severe and had not fluctuated in severity over time. (*See also* R. at 32, ECF No. 9-2) (discussing Plaintiff's ability to "maintain" relationships and lack of "consistent" symptoms). The ALJ, in other words, had no obligation to identify specific items of later-submitted evidence that differed in substance from the evidence reviewed by the state agency psychologists. Consistency between the two was sufficiently instructive.

Ultimately, how an ALJ chooses to weigh the evidence is well within her purview. *See Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009) (citation omitted). It is not the role of this Court "to reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). ALJ Ellis has adequately explained her decision: she set forth the "somewhat persuasive" weight she gave the state agency psychologists' opinions and explained why, with the benefit of hindsight, she disagreed with the limitations set forth in those opinions. That is all that the governing laws and regulations require.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Objection (ECF No. 13) is **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **AFFIRMS** the decision of the Commissioner. This case is **DISMISSED**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: September 18, 2023**